**UNITED STATES of America,**
**Appellant,**
**Harold C. and Olive B. ISAAK, Appellees.**

v.

**No. 22248.**

United States Court of Appeals
Ninth Circuit.

Sept. 20, 1968.

Chambers, Circuit Judge, dissented.

Louis M. Kauder (argued), Atty., Dept. of Justice, Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Attys., Washington, D. C., Smith-moore P. Myers, U. S. Atty., Spokane, Wash., for appellant.

Francis J. Butler (argued), of Butler & Lukins, Spokane, Wash., for appellees.

Before CHAMBERS and MERRILL, Circuit Judges, and VON DER HEYDT, District Judge.

MERRILL, Circuit Judge:

This case presents the question whether a farmer-taxpayer who has elected, under § 77 of the Internal Revenue Code of 1954,[1] to include in income amounts received as loans from the Commodity Credit Corporation may nonetheless exclude from income so much of the amounts as he repays before the end of the taxable year in redemption of his crops held as collateral for the loan.

Taxpayers, having on determination of the Commissioner paid a deficiency in their federal income taxes for the year 1957, brought suit for refund asserting their right to exclude such payment from income. The District Court held in their favor and the United States has taken this appeal.

Taxpayers are husband and wife who own a wheat farm in the State of Washington. They report their income on a calendar-year basis and maintain their books on a cash basis. From time to time prior to 1957 they borrowed money from the Commodity Credit Corporation, an agency of the United States Department of Agriculture, using their wheat crops as collateral. Prior to 1957 they elected, pursuant to § 77, to treat such loans as income. That election was in

1. Sec. 77. COMMODITY CREDIT LOANS
  (a) *Election to include loans in income.*—Amounts received as loans from the Commodity Credit Corporation shall, at the election of the taxpayer, be considered as income and shall be included in gross income for the taxable year in which received.
  (b) *Effect of election on adjustments for subsequent years.*—If a taxpayer

exercises the election provided for in subsection (a) for any taxable year, then the method of computing income so adopted shall be adhered to with respect to all subsequent taxable years unless with the approval of the Secretary or his delegate a change to a different method is authorized.

effect in 1957. During 1957 they received loans from the Commodity Credit Corporation in the total amount of $35,-884.21. In November and December, 1957, two of these loans totaling $27,-821.19 were repaid and the crops pledged as security were redeemed. During 1957 a portion of the redeemed crops was sold for $12,000.

Taxpayers reported as income the unpaid balance of their loans and the $12,-000 received from sale. The remaining redeemed wheat was sold in 1958 and the proceeds reported as income for that year. The Commissioner, in determining a deficiency for 1957, increased taxpayers' taxable income in the amount of $16,135.11, representing the unreported portion of the redeemed Commodity Credit Corporation loans.

Crop loans by the Commodity Credit Corporation, 7 U.S.C. § 1330(10), function as a vital part of the legislative program of agricultural price supports. Loans are made with reference to the parity price and thus enable the farmer to receive promptly the support payments contemplated. Coupled with a pledge of crops they amount in substance to a sale to the Government (subject to "repurchase" by redemption of the pledge), since the loans, if unrepaid, are interest free and the Government must look solely to the crops, no deficiency being recoverable from the borrower. While the farmer is thus protected against an unfavorable market, he can enjoy a rise in market prices by repayment of the loan in whole or in part with interest and thus secure redemption of the pledged crops.

Section 77 of the Internal Revenue Code of 1954 was enacted to give tax relief consistent with the purposes of the parity program. Prior to its enactment a farmer's income was bunched in the year of ultimate crop sale and the deduction of expenses of production also was deferred. By the section the loan can, at the farmer's option, be treated as a sale for tax purposes. By § 1016(a)(8) of the Code the sale analogy is extended to redemption which is treated as a repurchase with the redeemed crop taking as its basis the amount of loan received.

In our judgment the decision of the Commissioner is correct. It is wholly consistent with the sale analogy. The loan is made to constitute the taxable event.

Taxpayers complain that such tax treatment deprives them of the "free ride on the market" which the parity program was intended to confer. They rely on Thompson v. CIR, 322 F.2d 122, 130 (5th Cir. 1963), on which the District Court also relied.

We must respectfully disagree. The farmer is as free as ever to realize market advances by redemption of his crop. Even with a year's-end redemption the spreading of income between the year of loan and the year of sale is retained.

On the other hand, taxpayers' proposed rule would bunch all income into the year of sale, a result Congress sought to avoid. While this may work to the tax advantage of those who wish to defer the accrual of income, it confusingly opposes relevant market considerations with those of purely tax consequence and may well, by bunching of income, serve to eliminate one of the advantages sought by Congress. Taxpayers' rule would thus seem to work to the advantage of those who are tax motivated in the timing of their redemptions and to the possible disadvantage of those who are motivated solely by market considerations.

Taxpayers further protest that the Commissioner's treatment imposes tax upon a transaction which produces no income with which to pay it; that upon redemption the taxpayer has wheat but no money. The taxable event, however, is the loan. A taxpayer need only withhold from repayment such sums as are required to meet his tax obligation—an

exercise of budgeting foresight now required of most taxpayers.

Judgment reversed.

CHAMBERS, Circuit Judge (dissenting):

I dissent. I would follow Thompson v. Commissioner of Internal Revenue, 5 Cir., 322 F.2d 122.